**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |  |
|---|---|---|
| **ALFA LAVAL, INCORPORATED,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CIVIL NO. 3:06CV306 |
| **DAVID NICHOLS et al.,** | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the former Defendant, Marilyn Nichols', Motion for Award of Attorney's Fees and Costs (docket entry no. 39). For the reasons set forth herein, the motion is DENIED.

**PROCEDURAL BACKGROUND**

Marilyn Nichols is the former wife of David Nichols, a defendant in the instant matter, who was the former CEO and President of the Plaintiff, Alfa Laval Inc. In the Plaintiff's initial complaint, Marilyn Nichols was named as a defendant. On December 1, 2006, Ms. Nichols filed a motion to dismiss for, among other reasons, lack of personal jurisdiction (docket entry no. 20) which was granted on January 11, 2007, with prejudice (docket entry no. 33). On January 25, 2007, Ms. Nichols filed the instant motion for an award of attorney's fees and costs with a supporting memorandum that followed, *albeit* belatedly. (Mem. Pts. & Auth. Supp. Def. Marilyn Nichols' Mot.

Atty Fees and Costs) (Nichols' Mem.) (docket entry no. 46).  The Plaintiff has filed a response in opposition to the motion.  (Resp. Marilyn Nichols' Mot. Atty Fees) (Pl.'s Resp.) (docket entry no. 45.)  The basic facts of the underlying action are summarized in the Court's Memorandum Opinion of this same date, granting the Plaintiff's motion for summary judgment and are incorporated herein by reference (docket entry no. 58).

## ANALYSIS

Ms. Nichols asserts that she is entitled to attorneys' fees in the total amount of Three Thousand Three Hundred Seventy Five and 00/100 ($3,375.00) Dollars, plus costs, for the representation of her as the prevailing party in her motion to dismiss the claim(s) against her for lack of personal jurisdiction.  (Nichols' Mem. at 2.)  She claims that she is entitled to attorneys' fees pursuant to the Court's inherent power, asserting that the Plaintiff engaged in bad faith by including her as a defendant in the case only for her to be summarily dismissed from the case.  Id.

Federal courts follow the so-called American Rule regarding the assessment of attorney's fees that arise from litigation. Alyeska Pipeline Service Co. V. Wilderness Society, 421 U.S. 240, 245 (1975). The Rule prohibits the courts from awarding attorney's fees in the absence of a statute or contract specifically providing for a fee award so that every party, even those that prevail, must typically pay their own attorney fees and costs.  Id. at 257.  However, the Supreme Court has identified an exception to the Rule by which a court may exercise its inherent power and assess attorney's fees and court costs when an opposing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)[1] (citing

---

[1] Nichols has improperly cited this case in her submission as "Chambers v. Nabisco, 301 U.S. 32, 50 (1991)."

Alyeska, *supra*, 421 U.S., at 258-59) (internal quotations omitted).

Here, there is simply no evidence that the Plaintiff acted in bad faith, or that it was attempting to perpetuate a fraud upon the court by attempting to join Ms. Nichols as a party. Ms. Nichols' name was noted as a beneficiary in the various agreements (1991 Employment and Termination Agreements, the 1995 Pension and Termination Agreements, and the 1999 Lump-Sum Payment Agreement) that were the subject of the litigation against her then-husband, and she was a signatory of related instruments ( the 1991 Waiver Agreements).[2] Additionally, Ms. Nichols received a substantial portion of the lump-sum amount that was paid out pursuant to the terms of the final agreement that was the focus of the litigation ($910,015.27). Even though it was Mr. Nichols whose claim for additional pension benefits triggered the Plaintiff's filing of the current case regarding the payment made to him and her, where she was a beneficiary and a subject, if not a party to the various contracts between David Nichols and the Plaintiff, it was reasonable to conclude that she was necessarily involved in any suit regarding the payment made. Moreover, there is nothing in the record to suggest that including Ms. Nichols as a defendant was undertaken in undue haste or for other vexatious purpose. Moreover, if the 1999 Lump-Sum Agreement had been found *void ab initio,* as the Plaintiff argued to be among possible remedies, then Ms. Nichols could have been compelled to pay back all that she had received.

Therefore, where there is no evidence of bad faith in the Plaintiff's bringing the action against  Ms. Nichols, nor in pursuing it to the point of early dismissal, and no evidence that the

---

[2] *See* Section 11 of the 1991 Employment and Termination Agreement (Pl.'s Mot. For Summ. J. And Mem. Of Law in Support of Mot. For Summ. J. (Pl.'s Mot.) Ex. E); Section 1 of the 1995 Employment and Termination Agreement (Pl.'s Mot. Ex. I); , Section 1 of the 1995 Pension and Termination Agreement; 1992 Waiver fo Pension Benefits (Pl.'s Mot. Ex. F, G); 1999 Lump-Sum Agreement (Pl.'s Mot. Ex. J).

Plaintiff's initial claim against her was frivolous or lacked merit, the Court concludes that it would be an abuse of any inherent power it possesses to grant the relief as demanded.[3]

An appropriate Order shall issue

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: 3/29/07

---

[3] The Court, in denying the requested relief, finds it unnecessary to address the Plaintiff's additional arguments that Nichols is not properly before the Court to request such relief, or that the amount requested is unreasonable. (Pl.'s Resp.).